**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES GUMBERT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:22-CV-00722-LY** |
| | § | |
| **PHAN BROTHERS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S COUNTER ADVISORY TO THE COURT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant has received with interest Plaintiff's "Advisory to the Court" advising of a supposed ruling by the Honorable Xavier Rodriguez denying a motion to dismiss in a similar case involving parties and different motion to dismiss. (*Castillo v. Hank Sully LLC*, Case# 5:22-CV-00472). With an appalling lack of candor, Plaintiff's counsel has failed to at the same time advise this Court that the Honorable Sam Lindsay of the Northern District of Texas has dismissed for want of jurisdiction a virtually identical complaint filed by Plaintiff's counsel to the complaint filed herein. For almost four months Mr. Strickland has known of this order, yet fails to include mention of it in his "Advisory to the Court." See *Segovia v. Admiral Realty, Inc.*, 3:21-cv-2478-L, at *7 (N.D.Tex. August 4, 2022) (Plaintiff "has failed to demonstrate that he has 'suffered an invasion of a legally protected interest that is concrete and

particularized and actual or imminent, not conjectural or hypothetical;' therefore, he lacks standing. *Laufer*, 996 F.3d at 272.").[1] A of this order is attached as Exhibit A.

WHEREFORE, PREMISES, ARGUMENTS, and AUTHORITIES CONSIDERED, Defendant prays that Plaintiff's claims against Defendant for violation of the AMERICANS WITH DISABILITIES ACT be dismissed, and that costs and attorneys' fees be assessed against the Plaintiff.

DATED: December 6, 2022

Respectfully submitted,

Geoffrey N. Courtney
ATTORNEY AT LAW
111 Soledad St., Suite 540
San Antonio, Texas   78205-1531
(210) 227-7121 - Telephone
(210) 227.0732 - Facsimile
GNCourtney@GNCourtney.com

GEOFFREY N. COURTNEY

James C. Harrington
Texas Bar No. 09048500
5304 Halmark Drive
Austin, TX 78723
(512) 771-1759 - Telephone
jim.harrington.austin@gmail.com

**ATTORNEYS FOR DEFENDANT**

---

[1] Interestingly, in this Northern District of Texas case Mr. Strickland, Mr. Sapp, and Mr. Sturgill all appear as counsel for the plaintiff.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of December 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Duncan Strickland
Counsel for Plaintiff
State Bar No.: 24072374
13423 Blanco Road, #936
San Antonio, TX 78216
Telephone: (210) 504-7874
Facsimile: (832) 218-4317
E-mail: Duncan@StricklandLawFirm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE.

  /s/ Geoffrey N. Courtney
GEOFFREY N. COURTNEY

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAFAEL SEGOVIA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. **3:21-cv-2478-L** |
| | § | |
| **ADMIRAL REALTY, INC.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court are Defendant Admiral Realty, Inc.'s Motion to Dismiss Pursuant to

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 14) ("Motion to Dismiss"), filed on

January 11, 2022; and Plaintiff Rafael Segovia's Motion to Strike Defendant's Supplemental Brief

(Doc. 24) ("Motion to Strike"), filed on July 7, 2022. After careful consideration of the motions,

pleadings and briefs, and applicable law, the court, for the reasons herein explained, **grants**

Defendant's Motion to Dismiss (Doc. 14); and **denies as moot** Plaintiff's Motion to Strike (Doc.

24).[*]

I.      **Factual and Procedural Background**

Plaintiff Rafael Segovia ("Plaintiff" or "Mr. Segovia") initiated this action on October 8,

2021, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et al.,* and the

Americans With Disability Act Accessibility Guidelines ("ADAAG"), 28 C.F.R. 36, against

Defendant Admiral Realty, Inc. ("Defendant" or "Admiral Realty") for its alleged failure to make

its property—Shop & Save Mart located at 8110 Harry Hines Blvd., Dallas, Texas 75235 ("Subject

---

[*] Mr. Segovia seeks to strike Admiral Realty's supplemental briefing concerning its Motion to Dismiss. The court, in
reaching its decision on the Motion to Dismiss, did not consider or rely upon the supplemental briefing. Accordingly,
Mr. Segovia's Motion to Strike is moot.

**Memorandum Opinion and Order – Page 1**

Property")—accessible to him, as a wheelchair user. Mr. Segovia filed his First Amended
Complaint (Doc. 13) ("Amended Complaint") on December 28, 2021. In his Amended Complaint,
he asserts that he "uses a wheelchair for mobility purposes" and is "an independent advocate of
the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing
Plaintiff's civil rights, monitoring, determining and ensuring whether places of public
accommodation are in compliance with the ADA." Doc. 13 ¶¶ 6-7. He alleges that he "patronized"
the Subject Property on or about "July of 2021" and "December of 2021" but was "unable to gain
equal access as a disabled patron" due to physical barriers to access and dangerous conditions in
violation of the ADA. Doc. 13 ¶¶ 9-10, 22. Specifically, Mr. Segovia alleges he experienced or
observed thirteen ADA violations that prevented him from having "full and equal enjoyment of
the goods, services, facilities, privileges, advantages and accommodations of the Subject
Property," including "slope variations at the purported accessible parking spaces with changes in
direction that have caused an excessive cross slop" and  there not being an "accessible route
provided within the site from the public sidewalk which serves the facility." *Id.* ¶ 27.

On January 11, 2022, Admiral Realty filed its Motion to Dismiss seeking to dismiss
Mr. Segovia's Amended Complaint and its sole cause of action—a claim for injunctive relief. In
its Motion to Dismiss, Admiral Realty argues that Mr. Segovia does not have Article III standing
to bring this lawsuit. Admiral Realty further argues that even if Mr. Segovia is found to have
standing, he has not alleged an imminent future injury that would support injunctive relief, and,
thus, he failed to state a claim that complies with Rule 8 of the Federal Rule of Civil Procedure
and *Iqbal*, 556 U.S. 662 (2009).

After briefing on the Motion to Dismiss concluded, Admiral Realty filed a supplemental
brief (Doc. 21) on June 21, 2022. The supplemental brief advised the court of the Second Circuit's

**Memorandum Opinion and Order – Page 2**

nonbinding opinion in *Calcano v. Swarovski N.A. Ltd.*, 36 F.4th 68 (2d Cir. June 2, 2022).
Mr. Segovia filed his Motion to Strike on July 7, 2022, seeking to strike Defendant's supplemental
brief for its failure to comply with Local Civil Rule 56.7, which requires leave of court to file
supplemental pleadings and briefs.

## II.    Applicable Law

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter
jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited
jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution
and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A
federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the
statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City
of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion
to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th
Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does
in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the
following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record;
or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v.
Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

To establish standing, a plaintiff must allege (1) that he/she has suffered an injury in fact,
which is both (a) concrete and particularized, meaning it "must affect the plaintiff in a personal
and individual way" and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) the
existence of a causal connection between the asserted injury-in-fact and the conduct complained
of—the injury has to be fairly traceable to the challenged action of the defendant and not the result

**Memorandum Opinion and Order – Page 3**

of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–41 (2016), *as revised* (May 24, 2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). When a plaintiff seeks injunctive relief, like here, a plaintiff must also show a significant possibility of future harm; it is insufficient to demonstrate only past injury. *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Mere "'someday intentions'—without any description of concrete plans, or indeed even any specification of when the [someday] will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564.

### III.    Analysis

#### A.  Rule 12(b)(1) Motion to Dismiss

In its Motion to Dismiss, Admiral Realty asserts that Mr. Segovia's "abstract interest in the enforcement of the ADA is not a concrete and personal interest sufficient for him to suffer an injury meeting the requirements of Article III." Doc. 15 at 5. In support, Admiral Realty relies on *Laufer v. Mann Hospitality, LLC*, 996 F.3d 269 (5th Cir. 2021). In response, Mr. Segovia argues that he adequately pleaded that he suffered an injury in fact because he was unable to access and enjoy the services of the Subject Property due to the physical barriers. Doc. 16 at 4. Additionally, he avers that the injury in fact is traceable to the Admiral Realty's conduct because the injury suffered was caused by "Defendant's failure to maintain the premises in compliance with ADA regulations and standards." *Id.* The court determines that the Fifth Circuit's opinions in *Laufer* and

**Memorandum Opinion and Order – Page 4**

*Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018), are instructive to its determination that Mr. Segovia lacks standing.

In *Laufer,* Deborah Laufer sued the owner of a motel under the ADA. 996 F.3d 269. Ms. Laufer alleged that the motel's website failed to identify rooms that were accessible to disabled persons like her. *Id.* at 271. In affirming the district court's dismissal of Ms. Laufer's claims for lack of standing for want of an injury in fact, the Fifth Circuit held that Ms. Laufer failed to show "how the alleged violations affect[ed] her in a concrete way." *Id.* at 272. Specifically, the Fifth Circuit reasoned that Ms. Laufer visited the online reservation system for the motel "to see if it complied with the law, and nothing more," and failed to adequately allege that her "concrete interest" in the motel was "'at risk from the purported statutory deprivation.'" *Id.* at 272-73 (citing *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 530 (5th Cir. 2016)).

Similarly, in *Deutsch*, the plaintiff, who relied on a wheelchair for mobility, sued the owner of a hair salon for its alleged failure to make its store accessible to him and others similarly situated. 882 F.3d at 172. The Fifth Circuit affirmed the lower court's decision to dismiss for lack of standing because the plaintiff had "not shown how the supposed ADA violations at [the subject property] will negatively affect his day-to-day life." *Id.* at 174 (internal quotations omitted). The court further held that "[a]s the district court found, there is no evidence that Deutsch has any intent to return—nor is there any reason to believe that Deutsch is affected by [the subject property's] alleged ADA violation in any way, let alone some concrete way." *Id.* (internal quotations omitted).

Mr. Segovia is similarly situated to the plaintiffs in *Laufer* and *Deutsch*. He alleges that he is unable to "unable to gain equal access as a disabled patron" to the Subject Property due to physical barriers preventing his access. Mr. Segovia, however, does not allege that he is affected by the alleged violations in a concrete way that will negatively affect his day-to-day life. Further,

**Memorandum Opinion and Order – Page 5**

Mr. Segovia does not allege facts detailing why he visited the Subject Property or how visiting the Subject Property is central to his day-to-day life. Stated another way, Mr. Segovia does not allege how being unable to access the Subject Property disrupts his daily activities. Instead, he only alleges that his "motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others . . . ." Doc. 13 ¶ 7. In short, Mr. Segovia's plan to return and "patronize" the Subject Property is not related to his day-to-day activities, but instead related to his role as a "tester." This is insufficient to confer standing as he has not shown that being unable to access the Subject Property affects his activities in some concrete or particularized way. *See Laufer*, 996 F.3d 269 (5th Cir. 2021) ("Likewise, Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes."). As Mr. Segovia lacks standing, the court will dismiss the action without prejudice for lack of subject matter jurisdiction. Because the court lacks subject matter jurisdiction, it declines to address Admiral Realty's argument made pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B.  Further Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*,

**Memorandum Opinion and Order – Page 6**

371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Mr. Segovia did not request to further amend his Amended Complaint. In any event, the court believes that permitting a second pleading attempt would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and be futile. Moreover, Plaintiff stands by his pleadings and argues that the allegations of his Amended Complaint are adequate to state the claim asserted. The court, therefore, concludes that Mr. Segovia has stated his "best case." *See Schiller*, 342 F.3d at 567. Further, "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc*., 336 F.3d 375, 387 (5th Cir. 2003). For these reasons, the court will not allow Plaintiff a further opportunity to amend his pleadings.

**IV.    Conclusion**

For the reasons explained, Mr. Segovia has failed to demonstrate that he has "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical;" therefore, he lacks standing. *Laufer*, 996 F.3d at 272 (internal citation and quotations omitted). Accordingly, the court, lacking subject matter jurisdiction to hear this action, **grants** Admiral Realty's Motion to Dismiss (Doc. 14) and **dismisses without prejudice** this action for lack of subject matter jurisdiction. Further, because the court lacks subject jurisdiction, the court **denies as moot** Plaintiff's Motion to Strike (Doc. 24).

**It is so ordered** this 4th day of August, 2022.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 7**